UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANGIE ESCOVE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL PREADER,<br><br>    Defendant. | No. 2:18-cv-00437-JAM-KJN<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case. See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

On February 27, 2018, Defendant Michael Preader filed a Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of San Joaquin. Notice of Removal, ECF No. 1. For the following reasons, the Court sua

1

sponte REMANDS this case to the Superior Court of California for the County of San Joaquin.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant is attempting to remove an unlawful detainer action based on federal subject matter jurisdiction. Notice of Removal at 3-5. Specifically, Defendant contends that the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. § 5220, "preempted State Law as to bona fide Residential tenants of foreclosed Landlords." Id. at 3.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545

(1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

The Ninth Circuit has held that the removal statute should be strictly construed in favor of remand and against removal. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed in the state court apparently contains a single cause of action for unlawful detainer based on California Code of Civil Procedure § 1161a. Unlawful detainer actions are strictly within the province of state court. A defendant's attempt to create federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556

U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (stating that the Protecting Tenants at Foreclosure Act offers federal defenses, not federal question jurisdiction).

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal question jurisdiction. Defendant cannot inject a

4

federal issue through his answer.

Accordingly, the Court REMANDS this case to the Superior Court for the County of San Joaquin for all future proceedings. Defendant's motion to proceed in forma pauperis, ECF No. 2, is DENIED as moot.

Dated: February 28, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE